UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATHWAHN MCELROY,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DISTRICT COURT EXECUTIVE OFFICIALS, et al.,<br><br>    Defendants. | Case No. 25-cv-04374-HSG<br><br>**ORDER DENYING REQUEST FOR EXTENSION OF TIME TO FILE IN FORMA PAUPERIS APPLICATION; DISMISSING CASE WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 3 |

On May 22, 2025, Plaintiff filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. The complaint names as defendants "U.S. District Court Executive Officials, Does 1 to 3, Clerk of Court, Court Mailbox Authority Does 1 to 3 et al." Dkt. No. 1 at 1-2. The complaint alleges that Plaintiff has suffered "constitutional interference" with his pending cases that have interfered with "efficient private right of legal action;" and that he has severe issues for which he requires an "urgent healthcare compliance order" for an inhaler, and housing at an offsite medical center and free access to petition. *See generally* Dkt. No. 1.

That same day, the Court informed Plaintiff that the action was deficient because Plaintiff had not paid the filing fee or filed an *in forma pauperis* application. Dkt. No. 2. The Court ordered Plaintiff to correct this deficiency by June 21, 2025, and sent Plaintiff a blank *in forma pauperis* application form. *Id.*

On June 24, 2025, Plaintiff filed a request for a 30-day extension of time to file his *in forma pauperis* application. Dkt. No. 3. Plaintiff states that, starting June 9, 2025, he was moved between four facilities; that he did not receive the Court's May 22, 2025 notice regarding his IFP deficiency until May 29, 2025; that each facility has a different "fee waiver" process; that he is unable to discern how his current facility, Kern Valley State Prison ("KVSP"), handles fee

waivers; and he is currently unable to access the law library and jailhouse lawyers because KVSP is on lockdown. In this motion, Plaintiff also requests "accommodation of additional time to access the law library for services & supplies / information necessary;" "all his legal belongings that are relevant to any legal sense & right of action, including securus or other tablet services (as contracted);" "that the CDCR provision adequate basic necessities opposed to stripped cell malcondition also all of Plaintiff medicinal/legal belongings transfers along with him at safe time, as of 5/30/25;" and "all his property, resources, ink, legal paper, magnifier (page)." Dkt. No. 3

The Court DENIES Plaintiff's request for an extension of time to file his *in forma pauperis* application and denies as moot the remaining requests for relief. Dkt. No. 3. Plaintiff is well aware of the filing fee requirement, as he is a frequent litigant. Plaintiff has filed at least sixty cases in California's federal district courts, and over ten appeals in the Ninth Circuit. *See* PACER Case Locator <https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf> (last visited July 1, 2025). Plaintiff has failed to file the application itself, which remains the same, regardless of where he is housed. In addition, this action is likely frivolous and duplicative. Plaintiff has sued court administration to challenge dismissals of his prior actions, and court officials are generally immune from civil suits seeking to hold them liable for performing functions necessary to the judicial process. *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003). The complaint also raises the same claims of inadequate medical care and retaliation that Plaintiff has raised in prior actions. *Compare* Dkt. No. 1 *with* C No. 25-cv-0314, *McElroy v. Dep't. of Corr., et al.*, Dkt. No. 1. Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under Section 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.

The Court therefore DENIES Plaintiff's request for an extension of time to file his *in forma pauperis*, Dkt. No. 3; and DISMISSES this action for failure to timely file an *in forma pauperis* application. The dismissal is without prejudice to filing a motion to reopen, accompanied by a complete and correct *in forma pauperis* application, and explaining why

2

1  Plaintiff failed to timely file an *in forma pauperis* application.  Judgment is entered against
2  Plaintiff and in favor of Defendants.  The Clerk shall close the case.
3      This order terminates Dkt. No. 3.
4  **IT IS SO ORDERED.**
5  Dated:   7/10/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge